**Wayne Andre JONES, Appellant Below, Appellant,**

v.

**STATE of Delaware, Appellee Below, Appellee.**

Supreme Court of Delaware.

Submitted: May 23, 1989.
Decided: June 15, 1989.

Wayne Andre Jones, pro se.

Richard E. Fairbanks, Jr., Chief of Appeals Div., Wilmington, for appellee.

Before CHRISTIE, C.J., WALSH and HOLLAND, JJ.

HOLLAND, Justice:

The defendant-appellant, Wayne Andre Jones ("Jones"), has appealed, *pro se*, to this Court from a decision by the Superior Court. The Superior Court affirmed a determination by the Court of Common Pleas to revoke Jones' probation and to incarcerate him. Jones argues that since he is indigent, the Court of Common Pleas violated his Sixth Amendment right to counsel by not appointing an attorney to represent him. Jones contends that an indigent probationer has an absolute right to the assistance of counsel in all violation proceedings.

We find that the federal Constitution does not require the appointment of counsel to represent an indigent probationer in all instances. We find that the facts in this case did not require the appointment of counsel to represent Jones. We also find that, to the extent the Court of Common Pleas' decision to incarcerate Jones was discretionary, there was no abuse of discretion. Therefore, the decision of the Superior Court, affirming the rulings of the Court of Common Pleas, is affirmed.

*Facts*

In 1986, Jones was convicted of three counts of Third Degree Conspiracy in the Court of Common Pleas in and for Sussex County. On September 3, 1986, Jones was sentenced to be imprisoned for a period of two years on each count. These terms of incarceration were imposed consecutively but were suspended for two years of consecutive probation on each count, i.e., six years of probation. One of the conditions of Jones' probation was that he not commit any other crimes.

On May 3, 1988, Jones was convicted of misdemeanor Theft (11 *Del.C.* § 841) and Criminal Mischief (11 *Del.C.* § 811) in Justice of the Peace Court, No. 4, in Sussex County. On July 18, 1988, Jones pled guilty to one count of Resisting Arrest (11

*Del.C.* § 1257) in the Court of Common Pleas in and for Sussex County. As a result of these 1988 convictions, a violation report was filed by Jones' probation officer. A hearing was scheduled in the Court of Common Pleas in and for Sussex County.

The probation violation hearing was held by the Judge of the Court of Common Pleas who had placed Jones on probation in 1986. That same judge had also accepted Jones' guilty plea to the subsequent criminal charge in 1988. At the hearing, Jones admitted that he had violated a condition of his probation by committing other crimes. Jones also stated that his probation officer had not maintained any meaningful contact with him. The Common Pleas Judge revoked Jones' probation and ordered his incarceration for a period of two years.

*Probation Violation/Right to Counsel*

■ Indigent defendants charged with crimes have an absolute federal Constitutional right to the appointment of counsel during all "critical stages" of their case. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). Jones was not represented by an attorney in the probation violation proceeding in the Court of Common Pleas. The question presented by Jones in this appeal is whether or not an indigent person is entitled, as a matter of federal Constitutional law, to the appointment of counsel in such a proceeding.

We find that the United States Supreme Court has held that the federal Constitution does not afford an indigent person with an absolute right to assistance of counsel in a probation violation proceeding. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In *Gagnon,* the Supreme Court noted that there are significant differences between criminal trials and probation violation hearings:

> In most cases, the probationer or parolee has been convicted of committing another crime or has admitted the charges against him. And while in some cases he may have a justifiable excuse for the violation or a convincing reason why revocation is not the appropriate disposition, mitigating evidence of this kind is often not susceptible of proof or is so simple as not to require either investigation or exposition by counsel.

*Id.* at 787, 93 S.Ct. at 1762 (footnote omitted).[1] Consequently, *Gagnon* held that due process does not necessitate that an indigent person be afforded the usual "trial rights" in a probation violation proceeding. *Id.* at 789–90, 93 S.Ct. at 1763.[2] In particular, for present purposes, *Gagnon* established a "case by case" approach to the right to counsel for indigent probationers:

> We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged

1. We are aware that subsequent to the decision in *Gagnon,* the United States Congress enacted and amended legislation giving indigent federal probationers and parolees a statutory right to appointed counsel in revocation proceedings. *See Project: Seventeenth Annual Review of Criminal Procedure,* 76 Geo.L.J. 1179 & n. 3195, 1183–84 (1988); *see also Baldwin v. Benson,* 584 F.2d 953 (10th Cir.1978). This federal legislation supplements the minimum federal Constitutional requirements of due process set forth in *Gagnon.*

2. The "minimum requirements of due process" at a hearing to consider a revocation of probation have been summarized as follows:

"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against

him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole."

*Gagnon v. Scarpelli,* 411 U.S. at 786, 93 S.Ct. at 1761–62 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972)). *Cf. Brown v. State,* Del.Supr., 249 A.2d 269 (1968).

with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness —the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees.

*Id.*

Following *Gagnon,* in articulating the requirements of due process in a probation proceeding, the Supreme Court has strived to balance divergent and equally legitimate interests:

> Probationers have an obvious interest in retaining their conditional liberty, and the State also has an interest in assuring that revocation proceedings are based on accurate findings of fact and, where appropriate, the informed exercise of discretion. Our previous cases have sought to accommodate these interests while avoiding the imposition of rigid requirements that would threaten the informal nature of probation revocation proceedings or interfere with exercise of discretion by the sentencing authority.

*Black v. Romano,* 471 U.S. 606, 611, 105 S.Ct. 2254, 2257–58, 85 L.Ed.2d 636, *reh'g denied,* 473 U.S. 921, 105 S.Ct. 3548, 87 L.Ed.2d 671 (1985) (citation omitted). In *Romano,* the Supreme Court concluded, once again, that a probation revocation hearing does not require the "full panoply of procedural safeguards associated with a criminal trial." *Id.* at 613, 105 S.Ct. at 2258 (citing *Gagnon v. Scarpelli,* 411 U.S. at 789–90, 93 S.Ct. at 1763). In particular, the Supreme Court reaffirmed its conclusion in *Gagnon* and *Morrissey* that an indigent *probationer* is only entitled to assistance of counsel "in some circumstances." *Id.* 471 U.S. at 612, 105 S.Ct. at 2258.

### This Case

■ The procedural and substantive limitations on the revocation of probation are imposed by the protections of the due process clause of the Fourteenth Amendment. *Black v. Romano,* 471 U.S. at 610, 105 S.Ct. at 2257; *see Bearden v. Georgia,* 461 U.S. 660, 666, 103 S.Ct. 2064, 2069, 76 L.Ed. 2d 221 (1983). Accordingly, those due process requirements must be afforded to indigent probationers in state court proceedings. Therefore, the teachings of *Gagnon* and *Morrissey* must be applied in this case.[3]

The substantive "decision to revoke probation typically involves two distinct components: (1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation." *Black v. Romano,* 471 U.S. at 611, 105 S.Ct. at 2257. Procedurally, the Supreme Court has held that counsel *should* be provided in cases where the probationer raises "a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present." *Gagnon v. Scarpelli,* 411 U.S. at 790, 93 S.Ct. at 1764.[4]

In Jones' case, the probation violation proceedings were initiated as a result of his criminal convictions in 1988, which were matters of public record. At the hearing, Jones admitted that those criminal convictions constituted a violation of a condition of his probation. In mitigation, Jones argued that his lack of rehabilitation was

---

**3.** Jones relies upon *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). *Mempa* held that if the trial court *defers* a defendant's sentencing, subject to probation, the defendant has an absolute right to counsel at a probation violation proceeding where the trial judge is actually imposing a sentence for the first time. *Id.* at 137, 88 S.Ct. at 258. In this case, Jones was sentenced in 1986. According-

ly, Jones' probation violation proceeding in 1988 is distinguishable from *Mempa* and is controlled by *Gagnon.*

**4.** If a request for the appointment of counsel is refused, the grounds for refusal must be stated on the record. *Gagnon v. Scarpelli,* 411 U.S. at 791, 93 S.Ct. at 1764.

attributable, in part, to insufficient contact with his probation officer.

We find that Jones presents the precise type of case in which the Supreme Court found that counsel could *not* make a constructive contribution to the probation proceedings. The fact that a violation of the conditions of Jones' probation had occurred, has never been in dispute. Moreover, it was well within the discretion of the sentencing judge to revoke Jones' probation and to incarcerate him, based upon his subsequent criminal convictions. *Cf. Williams v. State*, Del.Supr., 560 A.2d 1012 (1989); *see Black v. Romano*, 471 U.S. at 611–615, 105 S.Ct. at 2257–59.

### *Conclusion*

We find no basis in the record for concluding that, as a matter of law, the Court of Common Pleas was obligated, *sua sponte*, to appoint counsel for Jones in the probation violation proceeding. The procedures set forth in *Gagnon* and *Morrissey* protected Jones against a revocation of his probation in a fundamentally unfair, i.e., constitutionally deficient, manner. *Black v. Romano*, 471 U.S. at 613, 105 S.Ct. at 2258. Those procedures were followed in this case. The decision of the Superior Court is AFFIRMED.