RONELL MORRIS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 194, 2008.
Supreme Court of Delaware.
Submitted: May 27, 2008.
Decided: June 23, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 23rd day of June 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Ronell Morris, filed an appeal from the Superior Court's April 1, 2008 order denying his motion for postconviction relief pursuant to Superior Court Criminal Rule 61. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) In July 2006, Morris pleaded guilty to Possession of a Controlled Substance Within 1000 Feet of a School and Resisting Arrest. He was sentenced to ten years at Level V on the drug conviction and to one year at Level V on the resisting arrest conviction, to be suspended for six months of Level IV home confinement followed by eighteen months of Level III probation.
(3) In November 2006, Morris was found to have committed a violation of probation ("VOP"). The Superior Court subsequently modified his sentencing order to provide for six months of Level IV work release. In April 2007, Morris again was found to have committed a VOP. He was sentenced to nine years at Level V, to be followed by six months at Level IV work release and eighteen months of Level III probation.
(4) In this appeal from the Superior Court's denial of his motion for postconviction relief, Morris claims that a) his VOP sentences are excessive; and b) defense counsel provided ineffective assistance by failing to appeal his 2007 VOP, by failing to inform him that he could move for sentence reduction, and by failing to investigate mitigating evidence.
(5) Morris first claims that his VOP sentences are excessive. The Delaware criminal statutes provide for sentences up to thirty years for possession of narcotic drugs within 1000 feet of a school and for sentences up to fifteen years for possession of non-narcotic drugs within 1000 feet of a school.[1] A sentence of up to one year is provided for resisting arrest.[2] Moreover, when a defendant commits a VOP, the sentencing judge may reimpose any previously suspended prison term.[3] Thus, not only were Morris' original sentences within the statutory limits, the Superior Court also was within its discretion to re-impose those sentences upon finding that Morris had committed a VOP. In the absence of any evidence that his VOP sentences are excessive or that the Superior Court abused its discretion in sentencing Morris, we conclude that Morris' first claim is without merit.
(6) Morris next claims that his attorney provided ineffective assistance by failing to appeal his 2007 VOP sentence, by failing to inform him that he could move for sentence reduction, and by failing to investigate mitigating evidence. In order to prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness and that, but for his counsel's unprofessional errors, there is a reasonable probability that the outcome of the proceedings would have been different.[4] Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."[5]
(7) Assuming without deciding that Morris has a right to claim that his counsel was ineffective,[6] he has failed to demonstrate that he was prejudiced by any error on the part of his counsel. As such, we conclude that Morris' second claim also is without merit.
(8) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Code Ann. tit. 16, § 4767(a).
[2] Del. Code Ann. tit. 11, §§ 1257(b) and 4206(a).
[3] Ingram v. State, 567 A.2d 868, 869 (Del. 1989); Del. Code Ann. tit. 11, §4334(c).
[4] Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).
[5] Flamer v. State, 585 A.2d 736, 753 (Del. 1990).
[6] There is no absolute right to counsel for purposes of a VOP hearing. Jones v. State, 560 A.2d 1056, 1057-58 (Del. 1989).