IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HAROLD W. SMITH, JR., | § | |
| | § | No. 326, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | Court Below:  Superior Court |
| v. | § | of the State of Delaware in and |
| | § | for Sussex County |
| STATE OF DELAWARE, | § | |
| | § | No. 9907005746 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  December 3, 2014
Decided:  December 10, 2014

Before **STRINE,** Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

## *O R D E R*

On this 10th day of December 2014, it appears to the Court that:

(1)  Defendant-Below/Appellant Harold Smith, Jr. ("Smith") appeals from a Superior Court order denying his motion for postconviction relief.  Smith raises two claims on appeal.[1]  First, Smith argues that he did not violate his probation by sending his wife a message containing a picture of his penis because his wife requested the picture, and the picture was obtained in violation of Delaware's marital communication privilege, Delaware Rule of Evidence ("D.R.E.") 504.[2] Second, Smith argues that his counsel provided ineffective assistance at his

---

[1] Although Smith technically raises two claims on appeal, both claims are encompassed in one claim of ineffective assistance of counsel.
[2] D.R.E. 504.

1

violation of parole ("VOP") hearing. We find no merit to Smith's appeal. Accordingly, we affirm.

(2) In November 1999, Smith entered a *Robinson*[3] plea to one count of third degree rape and was sentenced to a total of twenty years in prison, suspended after four years for fourteen years of probation.[4] After his release from prison in 2004, Smith signed a document imposing special conditions to his probation as a sex offender. One of those conditions prohibited Smith from having access to or possessing sexually explicit and/or obscene material. In 2012, Smith was charged with his first violation of parole after officers found a pornographic movie in his residence during the course of an administrative search. The Superior Court found Smith in violation of his parole and sentenced him to sixteen years at Level V incarceration to be suspended entirely for five years at Level III probation. The court also ordered Smith to re-sign the special probation conditions applicable to sex offenders and included a zero tolerance provision for any violations of those conditions.

(3) In September 2013, Smith's estranged wife informed Smith's probation officer that Smith had sent a picture of his penis to her cellphone. During the VOP hearing, Smith admitted that he had sent the picture to his wife, but asserted that

---

[3] *Robinson v. State*, 291 A.2d 279 (Del. 1972).
[4] Unless otherwise noted, the facts are taken directly from this Court's Opinion affirming Smith's violation of parole. *Smith v. State*, 2014 WL 637057 (Del. 2014).

his wife had requested it. Smith conceded that he knew the picture was sexually explicit and that sending it to his wife constituted a violation of his special conditions of probation. The Superior Court again found Smith in violation of his parole. Smith appealed his sentence to this Court, and we affirmed the Superior Court's judgment. Smith then filed a motion for postconviction relief challenging his sentence. The Superior Court denied Smith's motion. This appeal followed.

(4) "This Court reviews for abuse of discretion the Superior Court's decision on an application for postconviction relief."[5] Generally, there is no right to counsel at a VOP hearing.[6] In *Jones v. State*, however, we recognized a narrow exception that counsel should be provided as a matter of fundamental fairness in accordance with due process safeguards "in cases where the probationer raises a 'timely and colorable claim . . . that he has not committed the alleged violation of the conditions upon which he is at liberty . . . .'"[7]

(5) Smith first argues that his counsel was ineffective for failing to explain to him before his VOP hearing that the picture he sent to his wife may have qualified as a confidential communication under Delaware's marital communication privilege. Second, Smith argues that his counsel was ineffective for failing to

---

[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996) (citing *Bailey v. State*, 588 A.2d 1121, 1124 (Del. 1991)).
[6] *Schoolfield v. State*, 2013 WL 3807471, at *1 (Del. 2013).
[7] *Jones v. State*, 560 A.2d 1056, 1058 (Del. 1989) (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)).

promptly meet with him for an appropriate period of time to discuss possible defenses for his VOP hearing.

(6) Smith's arguments lack merit. Smith offered no defense before or at the VOP hearing, and expressly conceded that he had violated his probation by sending the admittedly sexually explicit picture to his estranged wife. And, because Smith did not raise a colorable claim that he did not commit a violation of his parole, he was not entitled to counsel under *Jones*, and thus cannot quibble that the counsel he received was ineffective. Even if counsel had performed as Smith claims counsel should have, the martial communication privilege would not have prevented his wife from informing his probation officer of his conduct. Nor would it have precluded the State from proving the violation through Smith's or his wife's phone records.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

4