# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) I.D. Nos. 1605006569, 1612009614, |
| | )     1701008494 |
| v. | ) In and for Kent County |
| | ) |
| CHRISTOPHER J. FORSTER, | )     RK16-05-0441-01 |
| | )     RK17-01-0074-01 |
| Defendant. | )     RK17-01-0384-01 |
| | )     Burglary 3rd (F) (VOP) |
| | )     RK16-05-0443-01 |
| | )     Conspiracy 2nd (F) (VOP) |

## COMMISSIONER'S REPORT AND RECOMMENDATION

**Upon Defendant's Motion For Postconviction Relief**
**Pursuant to Superior Court Criminal Rule 61**

FREUD, Commissioner
August 2, 2019

On February 21, 2017, Defendant Christopher J. Forster ("Forster") pled guilty to one count of Burglary in the Third Degree, 11 *Del C.* § 824 and one count of Conspiracy in the Second Degree, 11 *Del. C.* § 512 (ID no. 1605006569). In exchange for his plea, the State entered a *nolle prosequi* on the remaining charge of Theft of a Senior and recommended probation. Following the plea, the Court sentenced Forster, pursuant to the Plea Agreement, to five years at Level V incarceration, suspended for one year at Level III probation. Subsequently on May 31, 2017 Forster pled guilty to charges from two separate indictments (ID nos. 1612009614 and 1701008492) to two counts of Burglary in the Third Degree. In exchange for the plea the State entered nolle prosequis on all remaining counts for the

two indictments including one count of Burglary in the Second Degree, two counts of Possession of Burglary Tools, two counts of Theft, three counts of Criminal Mischief and one count of Conspiracy in the Second Degree. The Plea Agreement recommended that Forster be sentenced to a total of six years incarceration suspended after six months followed by level IV Crest which was to be suspended after successful completion of the Crest program for eighteen months at Level III Crest Aftercare. Both Plea Agreements included recommendations for TASC monitoring, drug and alcohol testing and treatment and that Forster be evaluated for mental health. The Court agreed with the Plea Agreements and sentenced Forster accordingly.

Forster filed several motions in his case none of which need to be mentioned here. Eventually, on December 4, 2017, the Court modified Forster's sentence to remove the requirement to participate in Level IV Crest and Level III Crest Aftercare. The Court ordered Forster to engage in mental health counseling and treatment and be supervised by a Mental Health probation officer as well as TASC monitoring.

On January 11, 2018, the Court modified Forster's sentence and ordered he be released into the custody of Rick Vanstory Resource Center staff and be flowed down from Level V to Level III probation. In addition, Forster was entered into Mental Health Court.

On July 13, 2018, Forster was brought before the Court for a violation of probation hearing covering all sets of charges listed above. Forster admitted to

*State v. Forster*
ID Nos. 1605006569, 1612009614, 1701008492
August 2, 2019

violating his probation.[1]  Consequently, the Court found Forster to be in violation of his probation and re-imposed the one year at Level V time which had previously been suspended, and suspended that time after completion of Level V Key program followed by Level IV Crest and upon successful completion, Level III Crest Aftercare.

Forster did not appeal either his original conviction and sentence nor his subsequent violation of probation adjudication to the Delaware Supreme Court. Instead he filed, *pro se*, one motion for correction of an illegal sentence, requesting a modification of his sentence. The Court denied the motion.[2]  Thereafter, Forster filed, *pro se*, the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.

In his motion Forster raises two grounds for relief:

| | |
|---|---|
| Ground one: | Ineffective assistance of counsel. Defense counsel for movant knew that he had a history of mental health discharges of the same program in which he was sentence to (Key) and never brought it to the Court's attention. |
| Ground two: | Incompetent. |

---

[1] *State v. Forster*, Del. Super., ID nos. 1605006569, 1612009614, 1701008492 (July 13, 2018), Tr. at 2.

[2] *State v. Forster*, Del. Super. ID nos. 1605006569, 1612009614, 1701008492, Witham, R.J. (Nov. 20, 2018)(ORDER).

> Movant was label (sic) incompetent
> with the mindset of a 5 year old child.
> So movant does not fully understand
> what happen (sic) at Court proceedings
> and can't cope with Key program like
> other adults.

Under Delaware law the Court must consider the procedural requirements of Superior Court Criminal Rule 61(i) before addressing the merits of any postconviction relief claim. Forster failed to raise either of his grounds for relief at the hearings on the violations of probation, at his sentencings or on direct appeal to the Supreme Court. His claims are therefore barred by Rule 61(i)(3) absent a demonstration of both cause and prejudice. Forster has made little attempt to demonstrate cause for his failure to have raised his claims sooner nor has he made any effort to show how he was prejudiced as a result of the allegations. Forster makes only a cursory allegation of ineffective assistance of counsel but fails to say what more counsel could have done given that the violation of probation was not contested. Furthermore, there is no right to counsel at a violation of probation hearing absent a showing of a substantial reason against the revocation, which Forster has in no way alleged.[3] His claim of ineffective assistance of counsel is therefore clearly procedurally barred by Rule 61(i)(3).

Furthermore, the record contradicts Forster's self-serving claim that he is

---

[3] *State v. Jones*, 560 A.2d 1056 (Del. 1989)(*quoting Gagnon v. Scarpelli*, 411 U.S. 778 (1973)); *see also State v. Hall*, 2004 WL 2827960 (Del. Super.).

mentally incapacitated and was taken advantage of. I have reviewed the Court ordered psychological evaluation prepared following his Violation of Probation hearing and his filing of the motion for modification of sentence. Since Forster has brought his mental capacity issue in Ground two it is appropriate to highlight several aspects of the Forensic Mental Health Evaluation by Delaware Psychiatric Center. Forster was notified prior to the evaluation that it would not be confidential and that the Court would have access to it. The report notes that he "was able to adequately demonstrate comprehension and agreed to proceed" knowing the evaluation was not confidential.[4] The report further noted, contrary to Forster's assertion that he has the intellect of a five-year-old, that "Mr. Forster was adequately oriented to person, place and time. His speech was normal in rate and volume and his thought processes were logical and coherent." The report concluded that Forster was "malingering" and "feigning" mental illness in hopes of getting out of the Key program and into a less restrictive mental health program.[5] Clearly Forster's grounds in his motion are meritless.

In conclusion, I recommend the Court ***deny*** Forster's motion for postconviction relief as procedurally barred and meritless pursuant to Superior Court Criminal Rule

---

[4] *State v. Forster*, Del. Super. ID nos. 1605006569, 1612009614, 1701008492 (Nov. 9, 2018) at p. 1.

[5] *Id.* at p. 5.

*State v. Forster*
ID Nos. 1605006569, 1612009614, 1701008492
August 2, 2019

61(i)(3).

/s/ Andrea M. Freud
Commissioner

AMF/dsc
oc:    Prothonotary