# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 1703001397 |
| | ) | In and for Kent County |
| CHARLES W. PERNOT, | ) | |
| | ) | RVK17-03-0439-01 Drug Dealing (F) |
| Defendant. | ) | |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion For Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

FREUD, Commissioner
August 23, 2019

On September 5, 2017, defendant Charles W. Pernot ("Pernot") pled guilty to one count of Drug Dealing, 16 *Del. C.* § 4752(1). In exchange for his plea, the State entered *nolle prosequis* on the remaining charges of one count of Tier 5 Possession, one count of Conspiracy in the Second Degree and one count of Possession of Drug Paraphernalia and recommended probation. Following the plea, the Court sentenced Pernot, pursuant to the Plea Agreement, to eight years at Level V incarceration, suspended for six months Level IV work release followed by one year at Level III probation with a condition for substance abuse evaluation and monitoring by the Treatment Access Service Center ("TASC").

On February 17, 2018, Pernot was brought before the Court for a violation of probation hearing ("VOP"). Pernot admitted to violating his probation by possessing

contraband. Consequently, the Court found Pernot to be in violation of his probation and re-sentenced him to seven years and eleven months at Level V time which had previously been suspended, and suspended that time after completion of the Transitions Sex Offender program and Level V Key program followed by one year at Level IV Crest and one year of Level III Crest Aftercare.

Pernot did not appeal his original conviction and sentence to the Delaware Supreme Court. Pernot did however appeal his conviction and sentencing, *pro se*, concerning the VOP. In his appeal he raised the following grounds for relief as noted by the Delaware Supreme Court in its Order denying Pernot's appeal:

> (4) in his opening brief on appeal, Pernot argues that: (i) the Superior Court erred in denying his request for a transcript of the VOP hearing at State expense; (ii) his counsel at the VOP hearing was ineffective; (iii) the TASC worker falsely stated at the VOP hearing that he admitted to using cocaine in December 2017 and that he had not dealt with his substance abuse issues; and (iii) (sic) the probation officer had no basis to recommend that he complete the Transitions program, which was longer than indicated at the VOP hearing. Pernot's claims regarding the transcript are moot because this Court ordered preparation of the transcript. Pernot received a copy of the transcript and filed a supplemental opening brief. In his supplemental opening brief, Pernot argues that the transcript supports his claims. He is mistaken.[1]

---

[1] *Pernot v. State*, 201 A.3d 1197 (Table), 2019 WL 193205, at *1. (Del.).

2

The Court found no merit in Pernot's arguments and denied his appeal.[2] Pernot filed the pending Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61.

In his motion Pernot raises two grounds for relief. First, Pernot alleges his counsel gave him false information concerning the Transitions Sex Offender program. Second, he claims the TASC worker gave the Court bad information.

Under Delaware law the Court must consider the procedural requirements of Superior Court Criminal Rule 61(i) before addressing the merits of any postconviction relief claim. Pernot failed to raise his first ground for relief at the hearing on the violation of probation and at his sentencing. He attempted to raise this claim on direct appeal to the Delaware Supreme Court. However the Court does not review ineffective assistance claims on direct appeal. Pernot has made little attempt to demonstrate exactly how his attorney was ineffective nor has he made any effort to show how he was prejudiced as a result of the allegations. Pernot makes only a cursory allegation of ineffective assistance of counsel but fails to say what more counsel could have done given that the violation of probation was not contested. Furthermore there is no right to counsel at a violation of probation hearing absent a showing of a substantial reason against the revocation, which Pernot has failed to allege.[3] This claim is therefore clearly procedurally barred by Rule 61(i)(3).

---

[2] *Pernot*, 2019 WL 193205, at *2.

[3] *State v. Jones*, 560 A.2d 1056 (Del. 1989)(*quoting Gagnon v. Scarpelli*, 411 U.S. 778 (1973)); *see also State v. Hall*, 2004 WL 2827960 (Del. Super.).

3

Pernot's second ground for relief concerning TASC and his subsequent sentence is essentially a restatement of his arguments he made on appeal to the Delaware Supreme Court which were denied by the Court. Clearly his claim is simply a restatement of the arguments he previously raised. Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless reconsideration of the claim is warranted in the interest of justice.[4] Pernot raised this claim before and the Delaware Supreme Court found it meritless. Pernot has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice. The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that the "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him.[5] Pernot has made no attempt to demonstrate why his claims should be revisited. This Court is not required to reconsider Pernot's claims simply because they are "refined or restated."[6] For this reason, this ground for relief should be dismissed as previously adjudicated under Rule 61(i)(4). To the extent that any of the allegations Pernot makes in his second ground for relief were not raised on direct appeal they are barred by Rule 61(i)(3) for failure to demonstrate cause and prejudice.

In conclusion, I recommend the Court ***deny*** Pernot's motion as procedurally

---

[4] Super. Ct. Crim. R. 61(i)(4).

[5] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 736, 746 (Del. 1990)).

[6] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

*State v. Pernot*
ID No. 1703001397
August 23, 2019

barred and meritless.

/s/ Andrea M. Freud
Commissioner

AMF/dsc
oc:     Prothonotary