Keith **WATSON**, Defendant Below, Appellant,

v.

**STATE** of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

Submitted: Aug. 28, 1989.
Decided: Aug. 31, 1989.

Edmund M. Hillis, Wilmington, for appellant.

Steven P. Wood, Deputy Atty. Gen., Wilmington, for appellee.

HOLLAND, Justice:

The defendant-appellant, Keith Watson ("Watson") was convicted in the Superior Court of two counts each of Robbery in the First Degree, Kidnapping in the First Degree, and Conspiracy in the Second Degree. Prior to the time for the filing of the appellant's opening brief and appendix, Watson has requested that his counsel be permitted to withdraw and that he be permitted to proceed with his appeal *pro se*. In support of his position, Watson has filed an affidavit, as required by Supreme Court Rule 26(d)(iii), in which he has indicated his desire to discharge his attorney and to represent himself in this appeal, notwithstanding his right to the effective assistance of counsel. *Gideon v. Wainwright,* 372 U.S. 335, 342–45, 83 S.Ct. 792, 795–97, 9 L.Ed.2d

799 (1963). *See also Potter v. State*, Del. Supr., 547 A.2d 595, 598 (1988).

 Watson has requested that this matter be remanded to the Superior Court for an evidentiary hearing, so that he may demonstrate that his request to represent himself is made knowingly and voluntarily. Watson has stated that he understands, that if his request for an evidentiary hearing is granted, there will be no further action taken in this appeal until the proceedings in the Superior Court have been concluded. This Court has determined that Watson's motion for an evidentiary hearing, concerning his request to proceed *pro se* in this appeal, should be granted and that such hearing should include the following inquiries by a judge of the Superior Court: [1]

(a) Whether Watson has retained private counsel to represent him on appeal. If so, the Court's inquiry can end. If not, the Court must determine if Watson is an indigent person.

(b) If Watson is indigent, a determination must be made as to whether he understands his right to court-appointed counsel to assist him on appeal by an inquiry into Watson's educational background and his familiarity, if any, with the criminal justice system, including the appellate process. If Watson is eligible and agrees to be represented by appointed counsel, the Court's inquiry need go no further.

(c) If Watson elects to proceed *pro se*, an inquiry should be made into his decision to waive his right to retain private counsel or, if he is indigent, his decision to waive the assistance of his court-appointed appellate counsel, including his explanation for such a decision. This should include inquiries into the following:

(i) Whether Watson has consulted with any other person, including any other attorney, in the making of that decision. Watson may, but he is not required to, identify such persons.

(ii) Whether Watson understands that the appellate process involves the application of rules of procedure which may prove difficult for a nonlawyer to follow or understand.

(iii) Whether Watson understands that notwithstanding his lack of legal training, he will be required to comply with all pertinent Rules of the Supreme Court.

(iv) Whether Watson understands that noncompliance with pertinent Rules of the Supreme Court may delay or prejudice his appeal.

(v) Whether Watson understands that the allowance of oral argument is discretionary with the court, and that the Court's practice in criminal cases is not to grant oral arguments as to *pro se* litigants.

(vi) Whether Watson understands that, if his waiver of counsel is accepted, he will not thereafter be permitted to interrupt or delay the appellate process to secure the assistance of court-appointed counsel simply because he has changed his position.

The judge of the Superior Court should also make such further inquiries as he or she deems necessary or desirable in order to formulate a conclusion concerning whether Watson's decision to proceed *pro se* is made knowingly and voluntarily.

 The hearing in the Superior Court should take place after notice to Watson and to the State. A record must be made of the hearing. Following the hearing, the judge of the Superior Court should make findings of fact and conclusions of law concerning Watson's application to waive the assistance of counsel and to represent himself before this Court. Those factual findings and legal conclusions should then be transmitted to this Court.

Pursuant to Supreme Court Rule 19(c) and 26(d)(iii), this matter is REMANDED to the Superior Court for further proceedings,

---

1. These inquiries were originally formulated and found to be relevant by this Court in a similar situation in *Manchester v. State*, Del. Supr., 519 A.2d 1247, (1986) Walsh, J. (ORDER).

in accordance with this opinion. Jurisdiction is retained.