TIMOTHY BOYER, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 286, 2008.
Supreme Court of Delaware.
Submitted: October 14, 2009.
Decided: November 16, 2009.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
MYRON T. STEELE, Chief Justice.
(1) Timothy Boyer appeals his conviction for several drug-related charges[1] following a three-day jury trial during which he represented himself with standby counsel. Boyer contends the Superior Court judge erred by failing to inquire adequately whether he knowingly and intelligently requested to proceed pro se. Because we find insufficient evidence in the record to establish that Boyer waived counsel knowingly and intelligently, we REVERSE and REMAND for further proceedings.
(2) During Boyer's fast-track appearances in April and May 2007, he made several requests for court-appointed counsel but refused interviews with the Public Defender's office. At the final case review hearing, the court granted a two-week continuance so that Boyer could obtain Public Defender services. After receiving court-appointed counsel, Boyer filed several motions pro se. Shortly thereafter, the appointed counsel moved to withdraw. On the eve of trial, a Superior Court judge heard counsel's motion. At the hearing, Boyer expressed his dissatisfaction with his counsel and articulated a desire to represent himself. The trial judge advised Boyer of trial expectations, found Boyer's waiver of counsel to be knowingly and intelligently made and granted the motion to withdraw.
(3) It is well-established law that criminal defendants have a constitutional, Sixth Amendment right to waive counsel and continue pro se if they do so knowingly, intelligently, and voluntarily.[2] We review an asserted denial of that constitutional right de novo.[3]
(4) Before the trial judge allows a defendant to exercise his right to waive counsel, he must conduct a hearing to inquire into the defendant's decision, warn the defendant of the dangers and disadvantages of self-representation, and establish a record that the defendant "knows what he is doing and his choice is made with eyes open."[4]
(5) The evidentiary hearing allows the defendant to establish on the record that he waives intelligently and voluntarily.[5] Determining whether a defendant has successfully demonstrated a proper waiver of counsel depends on several factors unique to each defendant.[6] To assist the trial judge in making that determination, we look to the federal guidelines enunciated in United States v. Welty.[7] The trial court should advise the defendant that:
(1) he will have to conduct his defense in accordance with the rules of evidence and criminal procedure, rules with which he may not be familiar;
(2) he may be hampered in presenting his best defense by his lack of knowledge of the law;
(3) the effectiveness of his defense may well be diminished by his dual role as attorney and accused;
(4) the nature of the charges;
(5) the statutory offenses included within them;
(6) the range of allowable punishments thereunder;
(7) possible defenses to the charges and circumstances in mitigation thereof; and
(8) all other facts essential to a broad understanding of the whole matter.[8] The trial judge should also consider the defendant's background, experience, and conduct.[9]
(6) The record clearly shows that the short dialogue between the Superior Court judge and Boyer did not adequately and thoroughly advise Boyer of the risks associated with proceeding pro se:
Q: Mr. Edinger told me that you told him that you would like to represent yourself at a trial which is scheduled for tomorrow.
A. Yes
Q. I just want to be sure you understand you have been through a trial before?
A. No, I have not.
Q. Have not. Even though you had some other convictions. Do you understand you are going to have to adhere to the rules of the court? You may not be in the best position to do that because you are not legally trained?
A. I understand that. . . .
Q: [I] want to be sure you understand the consequences of your decision. You will go to trial representing yourself. You will have to comply with the rules of evidence and the rules of the court, all those things.

A. I understand that.
(7) We have found proper waivers of counsel where the trial judge conducted an evidentiary hearing and advised the defendant of several of the Welty principles.[10] Rather than conducting a similarly comprehensive hearing, the pro se colloquy in Boyer's case consisted of the trial judge warning Boyer of only two Welty elements. The judge only advised Boyer that he would have to adhere to the rules of the court, the rules of evidence, and "all those things."[11]
(8) Despite an incomplete inquiry, the State submits that the trial judge had no choice but to allow Boyer to exercise his constitutional right to represent himself at trial. The State's submission is partially accurate. Although an accused has a right to represent himself, the exercise cannot occur at the expense of an accused's right to counsel, which the accused must waive knowingly, intelligently and voluntarily.
(9) The State also argues that Boyer made it quite clear that he wished to conduct his defense in his own way. This argument seems to suggest that a defendant's passion, fervent desire or insistence that he represent himself somehow substitutes for a knowing, intelligent and voluntary relinquishment of the right to counsel or somehow cures an ineffective waiver of counsel. We recognize that a judge may face a defendant who adamantly states that he is aware of his right to counsel and wishes to waive that right; however, those statements do not alleviate the judge's responsibility to conduct a comprehensive evidentiary hearing to explore and explain the defendant's options.[12]
(10) The State further contends that the judge conducted a lengthy colloquy advising Boyer of the nature of the charges, rights waived, and sentencing consequences. The colloquy to which the State refers, however, did not take place during a hearing advising Boyer of the dangers associated with proceeding pro se; rather, that colloquy took place during the final case review phase where Boyer pleaded guilty.[13] The Court's responsibility to advise of charges, rights, and consequences while accepting a plea does not satisfy the judge's duty to conduct a "penetrating and comprehensive examination"[14] warning an accused of the dangers and disadvantages of self-representation.
(11) Permitting Boyer to proceed pro se without adequately advising him of the dangers prevented Boyer from knowingly and intelligently waiving his right to counsel.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED and REMANDED for further proceedings consistent with this Order.
NOTES
[1] Trafficking in Cocaine, Possession with Intent to Deliver Cocaine, Maintaining a Dwelling for the purpose of Distributing Cocaine, and Possession of Drug Paraphernalia.
[2] Faretta v. California, 422 U.S. 806, 835 (1975).
[3] Hartman v. State, 918 A.2d 1138, 1140 (Del. 2007).
[4] Faretta, 422 U.S. at 835.
[5] Watson v. State, 564 A.2d 1107, 1109 (Del. 1989).
[6] Briscoe v. State, 606 A.2d 103, 107 (Del. 1992).
[7] United States v. Welty, 674 F.2d 185 (3d Cir. 1982).
[8] Briscoe, 606 A.2d at 108.
[9] Id. at 107.
[10] Hartman, 918 A.2d at 1141. The trial judge advised the defendant on trial expectations, trial prohibitions, disadvantages of proceeding pro se, the seriousness of the charges, the sentence ranges, the elements of the charges, and the defendant's lack of legal training.
[11] 
[12] Briscoe, 606 A.2d at 107.
[13] Boyer withdrew his guilty plea during the sentencing phase.
[14] Briscoe, 606 A.2d at 107.