# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TODD GREEN, | : | |
| | : | Supreme Court Case No. |
| v. | : | 540, 2015 |
| | : | |
| STATE OF DELAWARE | : | Superior Court ID No. 1406002733 |
| | : | In and For Kent County |
| Defendant. | : | |

### *Recommended Findings of Fact and Conclusions of Law on Remand*

COMES NOW, this 10th day of February 2016, the Superior Court in and for Kent County, and submits the following Findings of Fact and Conclusions of Law to the Delaware Supreme Court for its consideration:

1. On January 22, 2016, the Supreme Court remanded this matter to the Superior Court for the limited purpose of conducting a hearing pursuant to Supreme Court Rules 19(c) and 26(d)(iii). Appellant/Defendant-Below Todd Green (hereinafter "Green") filed an affidavit with the Supreme Court pursuant to Rule 26(d)(iii) requesting to discharge his attorney and to represent himself in his appeal before the Delaware Supreme Court. Accordingly, the Supreme Court remanded the matter for this Court to conduct an evidentiary hearing regarding whether Green's decision to proceed *pro se* is knowing and voluntary. At the hearing, Green indicated he did not wish to prosecute his appeal *pro se*.

2. The hearing took place on February 4, 2016. Present at the hearing were Green and representatives of both the State and the Public Defender's Office. The Supreme

Court requested that I address the specific inquires required by *Watson v. State*, 564 A.2d 1107 (Del. 1989). The Supreme Court also restated those questions in the Remand Order.

3. Green testified at the hearing under oath. The following is summarized testimony from Green:

a. Green would like to discharge his appellate counsel from the Public Defender's Office and have separate counsel appointed. He indicated that he had disagreements with his appellate counsel regarding which issues should be prosecuted on appeal.

b. Green qualifies as an indigent person. He confirmed that he has no assets, no income, and no ability to hire a private attorney. The representative of the Public Defender's Office who was present confirmed that Green qualifies as an indigent person pursuant to their guidelines.

d. He understands that since he is indigent, he must either (1) continue to accept the representation on appeal by his present court-appointed counsel or (2) proceed *pro se.* He indicated that since filing the motion to proceed *pro se*, he has filed a motion with the Supreme Court to seek different counsel.

e. He testified that if the subsequent filed motion to provide him different counsel is not granted, he does **not** want to proceed *pro se.* In that event, he requests to retain his current appellate counsel.

4. Since Green made clear that he did not wish to proceed *pro se*, I terminated the hearing. Since the subsequent motion filed by Green requesting different counsel was not part of the Supreme Court's charge to this Court, my recommendations do not include a recommended disposition regarding that motion. Green, however, indicated that under no circumstances, regardless of the outcome of that motion, would he want to proceed *pro se*.

5. Neither the State or the Public Defender's Office attorney thought it necessary to supplement the record further.

5. I find and accordingly recommend that the Supreme Court find that Green does not wish to proceed *pro se*. He testified that he would prefer different appellate counsel, but if that application is denied, he wishes to retain his current counsel. He presented to this Court as articulate and resolute and was satisfied that he had sufficient time to consult with counsel regarding his decision. Accordingly, I respectfully recommend to the Supreme Court that it deny Green's request to proceed *pro se* before the Court.

**NOW, THEREFORE, IT IS ORDERED** that the Prothonotary shall forthwith transmit these findings of fact and conclusions of law to the Clerk of the Supreme Court of Delaware.

/s/Jeffrey J Clark
Judge

3