# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,    :
            :  Supreme Court Case No.
   v.       :  415, 2017
            :
JORDAN O. HARRIS   :  Superior Court ID No. 1607020376
            :  In and For Kent County
   Defendant.    :

### *Recommended Findings of Fact and Conclusions of Law on Remand*

COMES NOW, this 28th day of March, 2018 the Superior Court in and for Kent County, and submits the following Findings of Fact and Conclusions of Law to the Delaware Supreme Court for its consideration:

1.  On March 6, 2018, the Supreme Court remanded this matter to the Superior Court for the limited purpose of conducting a hearing pursuant to Supreme Court Rules 19© and 26(d)(iii). Appellant/Defendant-Below Jordan Harris (hereinafter "Harris") filed an affidavit with the Supreme Court pursuant to Rule 26(d)(iii) requesting to discharge his attorney and to represent himself in his appeal before the Delaware Supreme Court. Accordingly, the Supreme Court remanded the matter for this Court to conduct an evidentiary hearing regarding whether Harris' decision to proceed *pro se* is knowing, intelligent and voluntary. After a hearing, I recommend that the Supreme Court find Harris' decision to be knowing, intelligent and voluntary.

2.  This Court held the hearing on March 27th, 2018. Present at the hearing were Harris and representatives of the State and his trial and appellate counsel. The

Supreme Court requested that I address the specific inquires required by *Watson v. State*, 564 A.2d 1107 (Del. 1989). The Supreme Court also restated those questions in the Remand Order.

3. Harris testified at his hearing under oath. The following summarized testimony from Harris was responsive to each of the questions itemized in the Supreme Court's Remand Order:

a. Harris has not retained private counsel to represent him on this appeal.

b. Harris qualifies as an indigent person. He confirmed that he has no financial ability to hire a private attorney. His counsel from the Public Defender's Office confirmed that Harris qualifies as an indigent person pursuant to their guidelines. Furthermore, Harris currently has an Assistant Public Defender representing him in the present appeal.

c. He stated he has a high school education. During his questioning and interaction with this Court, he answered questions articulately. He is literate and indicates he has some familiarity with the criminal justice system, though he has never represented himself in another proceeding.

d. He understands that since he is indigent, he must either (1) continue to accept the representation on appeal by his present court-appointed counsel or (2) proceed *pro se.* He desires to proceed *pro se.*

2

e. He testified that he wants to waive assistance of his court-appointed counsel because he does not feel his court appointed counsel adequately represents his interests.

f. He has not consulted with another attorney regarding his decision, although he spoke with his current counsel regarding the matter. He does not wish to speak with any other attorney about the issue.

g. He understands that the appellate process involves the application of rules of procedure that may be difficult for a non-lawyer to follow or understand.

h. He understands that notwithstanding the fact that he lacks legal training, he will be required to comply with all pertinent rules of the Supreme Court.

I. He also testified that he understands that if he does not comply with Supreme Court Rules, it may result in the delay of his appeal or prejudice to his appeal.

j. He also understands that granting oral argument is discretionary with the Supreme Court and that the Supreme Court's practice is not to grant oral argument to *pro se* litigants.

k. He understands that if the waiver of counsel is accepted, he will not thereafter be able to secure court-appointed counsel if he changes his mind in the future.

l. He testified unequivocally that his decision to proceed *pro se* is

knowing and voluntary.

4.  Neither the State or the Public Defender's Office attorney had an objection to Harris' request or desired to further supplement the record.

5.  After the hearing, I find and accordingly recommend that the Supreme Court should find that Harris' decision to proceed *pro se* is knowing and voluntary.  His decision is considered and he understands the consequences of his decision in the context of the appellate process. He presented to this Court as articulate and resolute and was satisfied that he had sufficient time to consult with counsel regarding his decision.  Accordingly, I respectfully recommend to the Supreme Court that they approve Harris' request to proceed *pro se* before the Court.

**NOW, THEREFORE, IT IS ORDERED** that the Prothonotary shall forthwith transmit these findings of fact and conclusions of law to the Clerk of the Supreme Court of Delaware.

/s/Jeffrey J Clark
Judge