# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)                        Superior Court Cr. ID No.
v.                                   )                        1712014868A (N)
)
JEREMY BENSON,                       )
)                        Supreme Court No. 497, 2019
Defendant.          )

## ORDER UPON REMAND

This 13th day of February, 2020, after conducting a hearing pursuant to the Supreme Court's Order dated January 17, 2020, the Court makes the following factual findings and legal conclusions:

1. The Delaware Supreme Court remanded this matter for an evidentiary hearing concerning Jeremy Benson's request to represent himself for purposes of his appealing his conviction. This Court conducted the hearing on February 11, 2020 in order to determine whether Mr. Benson knowingly, intelligently, and voluntarily is waiving his constitutional and statutory right to court-appointed counsel on appeal.

2. Mr. Benson appeared for the hearing with his court-appointed counsel, Brian Chapman, Esquire, who represented Mr. Benson during both trials in this matter. Mr. Benson understood the reasons for the hearing and indicated he previously discussed with Mr. Chapman the reasons for the hearing and Mr. Benson's desire to represent himself on appeal. Mr. Chapman added for the record

that he spoke with Mr. Benson on three separate occasions regarding his request to represent himself.

3. The Court made the following specific inquiries and findings, as requested by the Supreme Court and consistent with *Watson v. State*:[1]

a. Mr. Benson is indigent, as he has been throughout these proceedings. He has not retained private counsel to represent him and indicated he cannot afford to retain private counsel. Mr. Chapman was appointed to represent Mr. Benson as conflict counsel during the Superior Court proceedings because Mr. Benson was indigent when he was arrested. Mr. Benson presently is incarcerated and serving a 20-year prison sentence. He has no known assets.

b. Mr. Benson indicated he understands that he either must accept his court-appointed attorney or represent himself on appeal. He stated that he wishes to represent himself.

c. Mr. Benson previously has been involved with the criminal justice system, but never has represented himself at trial or on a direct appeal. He did represent himself when seeking postconviction relief after he pleaded guilty in an earlier proceeding. That motion was not successful.

d. Mr. Benson explained that he dropped out of high school after ninth grade due to behavioral issues, but later completed his GED.

---

[1] 564 A.2d 1107 (Del. 1989).

2

e.   Mr. Benson discussed with both his sister and Mr. Chapman the decision to proceed *pro se* on appeal. He has not consulted any other attorney. He indicated that he is making the decision of his own free will.

f.   Mr. Benson understands that the appellate process involves the application of procedural rules that may be difficult for a layperson to understand. He further understands that he will be required to abide by those rules despite his lack of legal training and that noncompliance with applicable rules may delay or prejudice his appeal.

g.   Mr. Benson understands that his appeal likely will be decided on the papers. The Court explained to him in detail what that means and that it is unlikely his case will be heard at oral argument.

h.   Mr. Benson recognizes that his decision to proceed without counsel is a binding choice and that he will not be permitted to interrupt or restart the appellate process if he later changes his mind and wants to be appointed counsel.

4.   Mr. Benson explained that he wants to represent himself because he believes Mr. Chapman will not make the arguments on appeal that Mr. Benson wants him to make. The Court explained to Mr. Benson again that the Delaware Supreme Court rules may limit the arguments he may raise on appeal. Mr. Benson stated he understood that limitation, but nevertheless wants to represent himself.

5.     The Court further discussed with Mr. Benson, Mr. Chapman, and the State the discovery, evidence, and record to which Mr. Benson already has access and whether there were any protective orders or confidentiality issues proscribing Mr. Benson's access to the complete record and discovery in this case. Although certain videotaped statements of minor witnesses previously were provided to Mr. Chapman with the understanding that he would not provide those statements to his client, the State agreed that Mr. Benson could have access to those statements if he represented himself on appeal. Moreover, although those statements are videotaped and may be difficult for Mr. Benson to view while incarcerated, Mr. Chapman previously had those statements transcribed and will provide the transcripts to Mr. Benson. Mr. Chapman indicated he would provide his entire file to Mr. Benson.

6.     After considering the foregoing, the Court determined on the record that Mr. Benson's decision to proceed without counsel on appeal is a knowing, intelligent, and voluntary one.

Respectfully submitted,

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Diana Dunn, Deputy Attorney General
       Brian Chapman, Esquire
       Jeremy Benson (SBI No. 315287)

4