# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | Def. I.D. # 1512017983 |
| v. | ) | |
| | ) | |
| | ) | |
| DAVID ELDER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: November 9, 2023
Decided: December 18, 2023

*On Remand from the Supreme Court of Delaware*
*For Evidentiary Hearing on Defendant's Motion to Proceed Pro Se*
*on Appeal of Denial of Motion for Postconviction Relief*

## **ORDER**

Casey L. Ewart, Esquire, Deputy Attorney General, Department of Justice, 13 The Circle, Georgetown, DE 19947; Attorney for State of Delaware.

Natalie S. Woloshin, Esquire, Woloshin Lynch & Associates, P.A., 3200 Concord Pike, Wilmington, DE 19803; Attorney for Defendant David Elder.

David L. Elder, SBI # 00227109, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977

**KARSNITZ, R. J.**

**Procedural Background**

On December 15, 2017, after a second jury trial,[1] David Elder ("Petitioner" or "Mr. Elder") was convicted of First Degree Rape, Second Degree Rape, First Degree Burglary, and wearing a disguise during the commission of a felony. On January 26, 2018 he was sentenced to life on the first three charges and five years at Level 5 on the last charge. On December 3, 2018, his conviction was upheld by the Delaware Supreme Court on direct appeal.

On December 12, 2018, Mr. Elder filed a *pro se* Rule 61 Motion and a supporting Memorandum. After a delay occasioned by the COVID pandemic and the appointment of Postconviction Counsel, on November 14, 2022, I allowed Mr. Elder to file a *pro se* Supplemental Petition and Appendix (the Rule 61 Motion, the Memorandum, and the Supplemental Petition and Appendix, collectively, the "*Pro Se* Motion"), even though at that time he was represented by Postconviction Counsel.[2]

On November 30, 2022, Postconviction Counsel filed an Amended Rule 61 Petition (the "Motion").

---

[1] The first trial resulted in a hung jury.

[2] Mr. Elder filed a number of submissions with this Court despite the fact that he was represented by counsel (e.g., his *pro se* Motion to Amend his Motion for Post-Conviction Relief, which he filed on or about February 1, 2020 despite the fact that Postconviction Counsel had already been appointed on his behalf). I forwarded these *pro se* filings on to Postconviction Counsel.

On March 27, 2023, Mr. Elder filed a *pro se* request for an evidentiary hearing, which I forwarded to Postconviction Counsel.

The State's Answer was filed on May 30, 2023.

On July 10, 2023, Mr. Elder filed a *pro se* Reply to the State's Answer, which I forwarded to Postconviction Counsel.

The Reply from Postconviction Counsel was filed on August 17, 2023.

On September 13, 2023, I denied Mr. Elder's Rule 61 Motion and his request for an evidentiary hearing.

Mr. Elder timely filed an appeal of my decision with the Delaware Supreme Court. Before the filing of his opening brief, Mr. Elder filed a motion and affidavit asking to discharge his attorney and to represent himself in the appeal, notwithstanding his right to counsel.[3] Mr. Elder requested that the matter be remanded to this Court for an evidentiary hearing so that he might demonstrate that his request was made knowingly, intelligently, and voluntarily.[4] On October 19, 2023, the Supreme Court granted Mr. Elder's request for a remand for an

---

[3] Super. Ct. Crim. R. 61(e)(2).
[4] Mr. Elder understands that there will be no further action taken on his appeal until the matter is returned by this Court to the Supreme Court from remand.

evidentiary hearing concerning his request to proceed *pro se* and returned the case to me,[5] with jurisdiction retained, to make specific inquiries of Mr. Elder[6]

**Evidentiary Hearing – Findings of Fact**

On November 9, 2023, upon notice to Mr. Elder, I held the evidentiary hearing required by the Supreme Court. Both the Deputy Attorney General representing the State and Postconviction Counsel for Mr. Elder were present. I asked Mr. Elder all the questions mandated by the Supreme Court, and ascertained the following facts:

(1)     Mr. Elder has not retained private counsel to represent him on appeal.

(2)     Mr. Elder is indigent.

(3)     Mr. Elder's educational background and personal experience have given him a good understanding of the criminal justice system, including the trial process. Specifically, Mr. Elder understands his right to court-appointed counsel to assist him on appeal.

(4)     Mr. Elder understands that he must either accept

---

[5] Supreme Court Rules 19(c) and 26(d)(iii).
[6] These are the inquiries the State found relevant in *Watson v. State*, 564 A.2d 1107 (Del. 1989).

representation on appeal by his present postconviction counsel or proceed *pro se*.

(5) Mr. Elder freely, knowingly, and voluntarily waives his right to the assistance of his postconviction counsel. He explained that he has no negative feelings about his postconviction counsel; however, she is legally and ethically constrained from making certain arguments and raising certain issues on appeal, and he is not. In connection with this latter inquiry, I determined the following:

(a) Mr. Elder has not consulted with any other person, including any other attorney, in making his decision to waive his right to counsel.

(b) Mr. Elder understands that the appellate process involves the application of rules and procedures that may prove difficult for a non-lawyer to understand.

(c) Mr. Elder understands that notwithstanding his lack of legal training, he will be required to comply with all pertinent rules of the Supreme Court.

(d) Mr. Elder understands that noncompliance with

pertinent rules of the Supreme Court may delay or prejudice his appeal.

(e) Mr. Elder understands that the allowance of oral argument is discretionary with the Court, and that the Court's practice in criminal cases is not to grant oral argument to *pro se* litigants.

(f) Mr. Elder understands that, if his waiver of counsel is accepted, he will not thereafter be permitted to interrupt or delay the appellate process to secure the assistance of court-appointed counsel simply because he has changed his position.

I also made additional inquiries of Mr. Elder, and ascertained the following additional facts:

(1) Mr. Elder has been treated at the Delaware Psychiatric Center for depression. Although he initially had a psychotic reaction to medication there, he is now doing well on Wellbutrin.

(2) Mr. Elder used cocaine in the past but has been "clean and sober" for the last ten years.

(3) Mr. Elder has no issues with alcohol.

(4) Mr. Elder was married for over five years. He has six grown children

by six different mothers.

## Analysis – Conclusions of Law

Both Delaware and Federal cases[7] agree that the key test for voluntary waiver of counsel is not whether the defendant is well versed in the substantive law and procedural rules of Rule 61 and appellate practice. As a non-lawyer, by definition, Mr. Elder is not. Rather, the key question is whether, with his background, experience and conduct, Mr. Elder understands the consequences of proceeding *pro se*, particularly the disadvantages.

The seminal case on the constitutional right to proceed *pro se* is *Paretta v. California*.[8] The majority held that a defendant in a State criminal trial has a constitutional right under the Sixth Amendment to proceed without counsel when he voluntarily and intelligently chooses to do so, and the State may not force a lawyer upon him when he insists that he wants to conduct his own defense.

In addition to *Watson*, the Delaware courts have consistently permitted *pro se* representation in criminal cases. In *Briscoe v. State*,[9] the defendant requested new counsel on the eve of trial, and the Superior Court permitted him

---

[7] Some of these cases address the right to proceed *pro se* at trial. However, the same core principles should apply by extension to *pro se* representation on appeal.
[8] 422 U.S. 806 (1975).
[9] 606 A.2d 103 (Del. 1982).

to proceed *pro se* without advising him of the hazards of self-representation. His conviction was reversed by the Delaware Supreme Court, which held that the defendant did not knowingly and intelligently waive his right to counsel. The invalid waiver was not cured by permitting court-appointed counsel to continue in his role as standby counsel.

In *Stigars v. State*,[10] the Superior Court denied the defendant the right to defend himself. Our Supreme Cort stated that, although the right to self-representation in a criminal proceeding is fundamental, the exercise of that right is not unqualified. In this case, however, the colloquy with the trial judge had established the defendant's voluntary waiver of counsel and his understanding of the risks of self-representation. The Court therefore reversed defendant's conviction and remanded for retrial.[11]

A Third Circuit case is quite helpful in defining the parameters of the colloquy that must precede the acceptance of a request for self-representation. In *United States v. Peppers*,[12] the Court referenced the Federal Judicial Center's *Benchbook for U.S. District Court Judges,* § 1.02 (4th ed. 2000) and posited 14 potential questions for such a colloquy:

1. Have you ever studied law?

---

[10] 674 A.2d 477 (Del. 1996).
[11] See also *Hartman v. State*, 918 A.2d 1138 (Del. 2007).
[12] 302 F.3d 120 (3d Cir. 2002).

2. Have you ever represented yourself in a criminal action?

3. Do you understand that you are charged with these crimes: [state the crimes with which the defendant is charged]?

4. Do you understand that the U.S. Sentencing Commission has issued sentencing guidelines that will be used in determining your sentence if you are found guilty?

5. Do you understand that if you are found guilty of the crime charged in Count 1, the Court must impose an assessment of $___, and could sentence you to as many as ___ years in prison and fine you as much as $ ___? [Ask defendant this question for each count of the indictment or information.]

6. Do you understand that if you are found guilty of more than one of these crimes, this Court can order that the sentences be served consecutively, that is, one after another?

7. Do you understand that if you represent yourself, you are on your own? I cannot tell you—or even advise you—as to how you should try your case.

7a. Do you know what defenses there might be to the offenses with which you are charged? Do you understand that an attorney may be aware of ways of defending against these charges that may not occur to you since you are not a lawyer? Do you understand that I cannot give you any advice about these matters?

8. Are you familiar with the Federal Rules of Evidence?

8a. Do you understand that the Federal Rules of Evidence govern what evidence may or may not be introduced at trial and that, in representing yourself, you must abide by those rules?

9. Are you familiar with the Federal Rules of Criminal Procedure?

9a. Do you understand that these rules govern the way a criminal action is tried in federal court? Do you understand that you must follow these rules?

10. Do you understand that you must proceed by calling witnesses and asking them questions, and that, except when and if you yourself testify, you will not be permitted to tell the jury matters that you wish them to consider as evidence?

10a. Do you understand that it may be much easier for an attorney to contact potential witnesses, gather evidence, and question witnesses than it may be for you?

11. I must advise you that in my opinion a trained lawyer would defend you far better than you could defend yourself. I think it unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence. I strongly urge you not to try to represent yourself.

12. Now, in light of the penalties that you might suffer if you are found guilty, and in light of all of the difficulties of representing yourself, do you still desire to represent yourself and to give up your right to be represented by a lawyer?

13. Are you making this decision freely, and does it reflect your personal desire?

14. Do you have any questions, or do you want me to clarify or explain further anything that we have discussed here?

Although some of these questions are inapplicable to a Delaware criminal appeal, at the November 9, 2023 evidentiary hearing I asked some variation of all of the pertinent questions and adapted others for this case. Based on Mr. Elder's answers, I find that, under applicable law, he is voluntarily waiving his right to counsel on appeal and understands the risks of self-representation.

**Conclusion**

Based on my colloquy with Mr. Elder at the evidentiary hearing and the facts elicited therein, and based upon my conclusions of law, I find that Mr. Elder's

request to represent himself is freely, knowingly, and intelligently made, and that he understands the consequences of proceeding on appeal *pro se*.[13]

This case is returned to the Supreme Court.

**IT IS SO ORDERED**.

/s/ Craig A. Karsnitz

cc:     Prothonotary
        Lisa A. Dolph, Clerk of Delaware Supreme Court

---

[13] For the record, postconviction counsel has expressed her willingness to act as back-up counsel for Mr. Elder if the Supreme Court deems it necessary or appropriate.