IN THE SUPREME COURT OF THE STATE OF DELAWARE

KYLE DOLINA,                          §
                                      §
    Defendant Below,          §   No. 199, 2023
    Appellant,                §
                                      §   Court Below—Superior Court
    v.                        §   of the State of Delaware
                                      §
STATE OF DELAWARE,                    §   Cr. ID No. N2003011017
                                      §
    Appellee.                 §

Submitted: May 9, 2024
Decided:   May 14, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## ORDER

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1)    In January 2023, a Superior Court jury found the defendant-appellant, Kyle Smith,[1] guilty of criminal mischief and harassment. The Superior Court sentenced Smith to pay a fine of $500 and to a total of two years of imprisonment,

---

[1] After the events that led to the appellant's conviction, but before trial, the appellant's name was officially changed to Kyle Smith. With the appellant's approval, the trial court referred to the appellant as "Mr. Smith" during trial. The record does not reflect that Smith designated any personal pronouns other than "he," "him, and "his" at any time during the trial, nor has Smith specifically designated any pronouns in the filings in this appeal. Smith's *pro se* opening and supplemental briefs refer to Smith in the first person. Smith's *pro se* reply brief refers to Smith using a variety of third-person pronouns, including "they," "their," and "them," *e.g.*, Reply Br. at 2, 4, 5, and "her," Reply Br. at 9. In light of all of the foregoing, this order refers to the appellant as "Smith" and uses the pronouns "he," "him," and "his" when referring to the appellant.

suspended for twelve months of Level III probation with GPS monitoring, in addition to other conditions. This is Smith's direct appeal.

(2) A grand jury indicted Smith on charges of stalking, criminal mischief, falsely reporting an incident, and harassment arising out of an incident that occurred on February 21, 2020. Smith was initially represented by counsel from the Office of Defense Services. Because of the nature of the charges, the case was not specially assigned, and several different judges handled various pretrial matters in the case.

(3) On October 18, 2021, trial was set for January 27, 2022. On December 28, 2021, the court continued the trial date because of the ongoing judicial emergency relating to COVID-19. Trial was then set for February 28, 2022. On February 3, 2022, the State requested a continuance because the complaining witness was not available on the scheduled trial date. The court rescheduled trial for April 11, 2022. The final case review and trial were then continued several times based on requests from the defense because Smith had medical conflicts with the scheduled dates.

(4) By September 12, 2022, the final case review was scheduled for September 19, 2022, and trial was scheduled to begin October 3, 2022. Around that same time, Smith submitted two documents to the court—one of which was styled as a motion for a "hearing for violation of 6th Amendment; ineffective attorney"— asserting that his appointed counsel was ineffective and was discriminating against

him based on his sexual orientation and disabilities. He also sought a continuance so that he could hire private counsel. On September 15, 2022, the State submitted a continuance request based on the complaining witness' unavailability and Smith's filings regarding his counsel.

(5) The court addressed Smith's filings at the case review on September 19, 2022, treating them as a "motion to dismiss counsel." When the court asked about the filings, Smith said that he intended to get private counsel because of the purported discrimination and ineffectiveness. He indicated that he had spoken with several attorneys, who had said they would need a continuance of one to two months to prepare the case. After some discussion about how long the case had been pending and why, the following exchange occurred:

> THE COURT: All right. [Defense counsel], do you have any reason to oppose this motion for you to be relieved of responsibility as counsel?
>
> [DEFENSE COUNSEL]: No. If he wants to get private counsel, I don't—I don't oppose that.
>
> THE COURT: So, I'd like to explain something to you, Mr. [Smith]. You only get one attorney at State expense. If, for whatever reason, it doesn't work, you have only two choices. One is to retain private counsel and the other is to represent yourself. And right now, the trial is scheduled to begin on October 3.
> Now, it looks like it's likely that a continuance is going to be granted. I cannot do that today.[2] But once you go this route, you will not get another attorney at State expense. Do you understand that?

---

[2] It appears that the judge presiding at the case review could not address the pending continuance request because another judge was handling all criminal-scheduling matters in light of the COVID-

3

THE DEFENDANT: Yes, your Honor. Due to a conflict of interest, I'm absolutely fine with that.

THE COURT: So, I'm going to grant . . . . So, I am ordering the following: Defendant's motion to dismiss counsel is hereby granted. Defendant must retain private counsel or proceed to represent himself pro se. The State's motion for a continuance is pending. So ordered.[3]

The case review then concluded.

(6) Smith never retained private counsel, and he represented himself at all later proceedings, including trial. At pretrial proceedings on October 21 and December 5, 2022, before two different judges, and on the first day of trial before yet another judge, Smith complained about not having counsel and asserted that his Sixth Amendment right to counsel was being violated. None of those judges appointed counsel or conducted a colloquy designed to determine whether Smith had knowingly, intelligently, and voluntarily waived his right to counsel.

(7) Among numerous other claims of error, Smith argued in his opening brief in this appeal that his constitutional right to counsel was denied. The Court directed supplemental briefing as to the Sixth Amendment issue and, more specifically, whether the record reflects that Smith knowingly, intelligently, and

---

19 judicial emergency. On September 20, 2022, the scheduling judge granted the continuance. Final case review was set for October 31, 2022, and trial was set for November 14, 2022. The trial date was later continued again so that the court could hear a motion to dismiss that Smith filed.

[3] *Dolina v. State*, ID No. 2003011017, Transcript of Sept. 19, 2022 Case Review Hearing, at 5:16-6:16 (Del. Super. Ct.).

4

voluntarily waived his right to counsel. In its supplemental brief, the State concedes error and states that the judgment of conviction should be reversed and the matter remanded for a new trial.

(8) Under the Sixth Amendment of the United States Constitution, which applies to the states through the Due Process Clause of the Fourteenth Amendment, a defendant has a right to counsel at all critical stages of a criminal proceeding.[4] A criminal defendant also has a constitutional right to waive representation by counsel and represent himself if he does so knowingly, intelligently, and voluntarily.[5] Whether a defendant's waiver of counsel is knowing, intelligent, and voluntary "depends upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the defendant."[6] The trial court must therefore conduct a "thorough inquiry" to ensure "the fullest protection of this constitutional right."[7] The court must "inquire into the defendant's decision, warn the defendant of the dangers and disadvantages of self-representation, and

---

[4] *Morrison v. State*, 135 A.3d 69, 73 & n.8 (Del. 2016).

[5] *Id.* at 73; *see also Faretta v. California*, 422 U.S. 806, 835-36 (1975) (discussing the defendant's "constitutional right to conduct his own defense" and stating: "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must knowingly and intelligently forgo those relinquished benefits." (internal quotation omitted)).

[6] *Briscoe v. State*, 606 A.2d 103, 107 (Del. 1992).

[7] *Morrison*, 135 A.3d at 73 (internal quotation omitted); *see also Briscoe*, 606 A.2d at 107 (discussing the "searching inquiry" and "penetrating and comprehensive examination" required).

5

establish a record that the defendant knows what he is doing and his choice is made with eyes open."[8]

(9) In *Briscoe v. State*,[9] this Court adopted guidelines set forth by the United States Court of Appeals for the Third Circuit in *United States v. Welty*[10] for determining whether a defendant's waiver of counsel is knowing and intelligent. Under the "*Briscoe-Welty* guidelines"[11]:

> The trial judge should advise the defendant, for example:
> (1) that the defendant will have to conduct his defense in accordance with the rules of evidence and criminal procedure, rules with which he may not be familiar;
> (2) that the defendant may be hampered in presenting his best defense by his lack of knowledge of the law;
> (3) that the effectiveness of his defense may well be diminished by his dual role as attorney and accused;
> (4) the nature of the charges;
> (5) the statutory offenses included within them;
> (6) the range of allowable punishments thereunder;
> (7) possible defenses to the charges and circumstances in mitigation thereof; and
> (8) all other facts essential to a broad understanding of the whole matter.
>
> After undertaking such an inquiry, whether there is a proper waiver should be clearly determined by the trial court, and that determination must appear upon the record.[12]

---

[8] *Boyer v. State*, 2009 WL 3841973, at *1 (Del. Nov. 16, 2009) (internal quotation omitted); *see also Faretta*, 422 U.S. at 835 ("Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." (internal quotation omitted)).

[9] 606 A.2d 103, 107 (Del. 1992).

[10] 674 F.2d 185 (3d Cir. 1982).

[11] *Morrison*, 135 A.3d at 70.

[12] *Id.* at 74 (internal quotation omitted).

(10)  When a defendant seeks new counsel on the eve of trial, the trial court "must initially determine if the reasons for the defendant's request for substitute counsel constitute good cause to justify a continuance of the trial, in order to allow new counsel to be obtained."[13]  If the trial court determines that the defendant is not entitled to a continuance to engage new counsel, "the defendant must then choose between two constitutional options, either continuing with his existing counsel or proceeding to trial *pro se*."[14]  If the defendant chooses to represent himself, then the court must determine, through the searching inquiry described above, whether the waiver of counsel is knowing and intelligent.[15]

(11)  In this case, the Superior Court permitted Smith's court-appointed counsel to withdraw based on Smith's representation that he would hire new counsel. He never did.  Because counsel was allowed to withdraw without substitute counsel retained, however, the *Briscoe/Welty* colloquy fell through the cracks.  Different judges handling the case after the September 19, 2022 case review assumed a colloquy had occurred and Smith had decided to proceed *pro se*.  The State concedes that the judgment must be reversed because the court did not conduct a colloquy with Smith to ascertain whether he knowingly, intelligently, and voluntarily waived his right to counsel.  We therefore reverse Smith conviction and remand the matter

---

[13] *Briscoe*, 606 A.2d at 107.
[14] *Id.*
[15] *Id.*

7

for a new trial.  In light of our conclusion on this issue, we need not address the other issues raised in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is REVERSED and the matter is REMANDED for a new trial.  The mandate shall issue forthwith.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice